NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0077n.06
Filed: January 31, 2006

No. 04-2046

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| STACEY PARCELL GIBSON, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, SUTTON, and COOK, Circuit Judges.

PER CURIAM. Following Defendant Stacey Gibson's guilty plea, the district court enhanced Gibson's Guidelines-recommended sentence under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.1(a) for his role as an organizer or leader of criminal activity involving five or more people. Gibson appeals the enhancement, arguing that insufficient evidence supports the court's conclusion. Because the district court properly enhanced Gibson's advisory-Guidelines sentence, we affirm.

I

Gibson pleaded guilty to one count of conspiring to distribute over 500 grams of cocaine and over 50 grams of cocaine base. The probation office's presentence report recommended a four-level enhancement under U.S.S.G. § 3B1.1(a), which provides an enhancement for an "organizer or leader

of a criminal activity that involved five or more participants or was otherwise extensive." The report

listed the five individuals involved in the criminal activity: "Mr. Gibson, Ms. Worthey, Mr. Miles,

Mr. Fowler, and Mr. Jackson." Gibson objected to the inclusion of Jackson in this list, asking "the

Court not to find that [Jackson] was in any way a participant." Gibson also objected to his

designation as an "organizer or leader" of the criminal activity. The court concluded, based on

unchallenged facts in the presentence report, that Jackson was a participant and that Gibson was an

organizer or leader, and it added four levels to Gibson's advisory-Guidelines sentence. Gibson

appeals his sentence.

II

Gibson contends that the district court lacked sufficient evidence to find that he was an

organizer or leader of criminal activity involving five or more participants. We review the factual

findings underlying a district court's application of Guidelines enhancements for clear error. *United

States v. Yoon*, 398 F.3d 802, 805 (6th Cir. 2005).

We discern no clear error in the district court's finding that Jackson participated in Gibson's

drug ring. As the district court pointed out, Jackson's participation was an uncontested fact.

Gibson's counsel conceded that he did not "deny[] the facts that are contained within the

[presentence] report." Paragraphs 20 and 21 of the report describe Jackson's involvement in the

drug activity, including "purchasing powder cocaine from Mr. Gibson . . . on numerous occasions."

Thus the district court's inclusion of Jackson in its count of individuals involved in the criminal activity was not clearly erroneous.

We likewise find no error in the district court's conclusion that Gibson held a "leadership role" in the drug ring. Application Note 4 to U.S.S.G. § 3B1.1 details some of the factors pertinent to this question:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

The district court did not commit clear error when it found that Gibson "recruited Ms. Worthy [and] Mr. Miles to transport cocaine." Gibson admitted having "used Ms. Worthey . . . to pick up and transport cocaine" and, as contained in the presentence report, Miles was "known as a drug runner for Mr. Gibson." Not only does this demonstrate Gibson's recruitment of accomplices, but it also shows the exercise of authority and control over others. In addition, Gibson's admission that he "set up a drug deal" involving himself, Worthey, Miles, Fowler, and two others demonstrated his decision-making authority and his participation in planning the offense. On these facts, the district court did not err in concluding that Gibson held a leadership role in the drug ring.

III

No. 04-2046
*United States v. Gibson*

Because the district court properly enhanced Gibson's sentence under U.S.S.G. § 3B1.1(a),

we affirm the sentence.